ZEITLIN v. MORRISON et al.  (No. 7035.)

(Supreme Court, Appellate Division, First Department.  April 9, 1915.)

1. MASTER AND SERVANT ☞106—INJURIES TO SERVANT—LIABILITY OF SERVANT.

Where the master's landlord had charge of repairs to a door, the master is not liable for injuries caused by the negligence of the landlord's employés.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. ☞106.]

2. MASTER AND SERVANT ☞265—INJURIES TO SERVANT—PRESUMPTION.

For a servant suing at common law to rely on the doctrine of res ipsa loquitur, he must present a higher degree of proof than is necessary in the case of a wayfarer or passenger, and the facts must exclude every inference except the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.]

3. ATTORNEY AND CLIENT ☞112—NEGLIGENCE—LIABILITY.

An infant servant retained attorneys to sue for personal injuries, and they prepared the papers for the appointment of a guardian ad litem, delivering them to her brother. The petition was never signed or returned, although plaintiff and her brother understood that action could not be instituted until the appointment of a guardian. *Held*, that the attorneys were not liable for delay in starting suit.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 224–227; Dec. Dig. ☞112.]

Ingraham, P. J., and Hotchkiss, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Yetta Zeitlin against Isidore D. Morrison and J. R. Schiff, copartners doing business as Morrison & Schiff, for damages for negligent delay in instituting a personal injury action. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

See, also, 150 N. Y. Supp. 1119.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

---

Joseph M. Proskauer, of New York City, for appellants.
Samuel S. Marcus, of New York City, for respondent.

McLAUGHLIN, J.    I think the judgment appealed from should be reversed.

[1, 2] First. The evidence does not, as I read the record, sustain a finding that the accident was due to the negligence of the plaintiff's employers, or that they were in any way responsible for the falling of the door; on the contrary, the only fair inference is that the landlord took charge of the repairs and directed one of its employés (the elevator operator) to remove the door. But, even if it be assumed that the plaintiff's employers had directed the door to be repaired or removed, this, in and of itself, did not establish that they were negligent, unless the doctrine of res ipsa loquitur applies, and I do not think it does. In Marceau v. Rutland R. R. Co., 211 N. Y. 203, 105 N. E. 206, 51 L. R. A. (N. S.) 1221, the court, referring to the application of this doctrine, when the relation of master and servant exists, said:

"In the nature of things the injured employé, who sues his employer, must present a much higher degree of proof than is necessary in the case of a wayfarer or passenger. * * * If the injured employé sues at common law and seeks to invoke the maxim, he must necessarily make proof of facts and circumstances which, under the common law, exclude every inference except that of the employer's negligence."

Here, not only did the plaintiff fail to exclude other inferences than her employers' negligence, but, as indicated, the inference to be drawn from all the evidence is that the condition of the door was due to the action of the landlord. Besides, from the testimony offered on behalf of the plaintiff it appears that the hinges of the door were out of repair, and to remedy the same the door had been removed by an employé of the landlord. He, according to the testimony of one of plaintiff's witnesses, "took off that door and had been fixing it, and was doing the work, and he don't know himself how it happened to fall." It did not appear whether the door had been replaced, or, if so, that the employers had knowledge of that fact.

[3] Second. It is undisputed that defendants prepared papers for the appointment of a guardian ad litem for plaintiff, who, being 18 or 19 years of age, would have to sign the petition for such appointment. The defendant Schiff testified that he delivered these papers to the plaintiff's brother for the purpose of having him obtain her signature, and that they were never returned. While the brother denied receiving any such instructions, or that he took the petition away, he did not deny Schiff informed him of the necessity of his sister's signing it as a preliminary to bringing the action. Until the petition had been signed, an action could not be started. The conduct of the plaintiff and her brother, after it is claimed defendants were retained, indicates, with a reasonable degree of clearness, they knew an action had not been started. The plaintiff, at the time of the accident, was 18 or 19 years of age. After defendants were consulted, she gave her claim no further attention for several years. Nor did the brother make any further inquiry for upwards of 3 years.

Upon both grounds, therefore, I think the determination appealed from, and the judgment and order of the City Court, should be reversed, and a new trial ordered, with costs to appellant in all courts to abide event.

LAUGHLIN and DOWLING, JJ., concur. INGRAHAM, P. J., and HOTCHKISS, J., dissent.